# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 22-mj-03079 |
| BRETT J. SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on May 16, 2022. The Court has determined that the defendant, Brett J. Simpson, must be held without bond pending further proceedings.

The Court has considered all of the factors listed in 18 U.S.C. §3142(g) and all of the evidence and information presented by the parties and in the pretrial services report relating to those factors. After weighing those factors and the available evidence, the Court concludes the United States' motion for detention should be allowed.

The Court finds the following information has been established by clear and convincing evidence that the defendant poses a danger to the community if released.

## Charges and Penalties

On May 12, 2022, the defendant was charged by complaint with receipt of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2). More specifically, the Complaint alleges on or about February 16, 2022, the defendant did knowingly receive a visual depiction of sexually explicit conduct involving a minor that was transported in interstate commerce and the defendant knew such items to contain child pornography. Penalties for a violation of Title 18, United States Code, Section 2252A(a)(2) are not less than 5 years and not more than 20 years imprisonment; not more than a $250,000 fine; not less than 5 years supervised release, and up to life; a $100 mandatory special assessment under 18 U.S.C. § 3013; up to $5,000 special assessment under 18 U.S.C. § 3014, if not indigent; up to $35,000 special assessment under 18 U.S.C. § 2259A; and restitution as set by the Court.

## Findings of Fact and Reasons Detention Required

Based upon the credible evidence and information received during the defendant's detention hearing and as outlined in the pretrial services report, the Court finds:

Pursuant to 18 U.S.C. § 3142(e)(3)(E), in cases where the offense

2

charged involves a minor victim under sections 2251 and 2252, there is a presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

Section 3142(g) sets forth factors that the court is to consider in determining whether there are any conditions of release that will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The factors set forth in Section 3142(g) favor detention of the defendant.

I. *Nature and Circumstances of the Offense.* The nature and circumstances of the offense charged are very serious. Allegations include that dating back as early as February 2021, the defendant engaged in trading child sexual abuse materials. The defendant conducted this activity on various internet websites and applications. In addition to the trading of the materials, the defendant is alleged to have encouraged other users to engage in committing child sexual abuse against minors under their care. These facts weigh in favor of detention.

II. *Weight of the Evidence.* Based on the proffer by the Government, the weight of the Government's evidence against the defendant in this case is strong. The evidence proffered by the Government includes messages from various social media application where the defendant requests and receives child sexual abuse materials. The defendant's statements to law enforcement corroborate the defendant's involvement in the offense charged. The strength of the evidence weighs in favor of detention.

III. *Defendant's Criminal History.* The defendant does not have any previous criminal history.

Finally, the defendant's confinement to his home and removal

of his phone would not necessarily decrease the defendant's risk or access to minor children in the community. Even with electronic monitoring the defendant has the ability to obtain an electronic device and contact minor children. The defendant's employment at Walmart provides him both access to minors and electronic devices. There is no way to monitor the defendant's access to the internet. Additionally, the proposed third-party custodian lives in a residential neighborhood with several minors in close proximity. There is a clear danger posed by the defendant if released back into the community. These facts further weigh in favor of detention.

The defendant is a danger to the community and no conditions or combinations of conditions can ensure the safety of the community.

**IT IS THEREFORE ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on

request of an attorney for the United States, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTER: June 3, 2022.

 s/ Karen L. McNaught
KAREN L. MCNAUGHT
UNITED STATES MAGISTRATE JUDGE